NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LIMPIT ACQUISITION, LLC, | : | |
| Plaintiff, | : | Civil Action No. 04-3884 (JAG) |
| | : | |
| v. | : | OPINION |
| | : | |
| FEDERAL FINANCIAL GROUP, INC. | : | |
| | : | |
| Defendant. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion for partial summary judgment by Defendant Federal Financial Group ("Federal"), pursuant to FED. R. CIV. P. 56. For the reasons set forth below, Defendants' motion will be denied.

**BACKGROUND**

This dispute arises following a transaction in the year 2000 in which Plaintiff Limpit Acquisition, LLC ("Limpit"), a New Jersey corporation, purchased fifteen promissory notes, and the mortgages[1] securing them, from Defendant Federal, a Georgia corporation. Limpit alleges that, during the transaction, Federal's counsel made material oral misrepresentations about the mortgages. Limpit sued in the Superior Court of New Jersey, asserting four claims: 1) intentional fraud; 2) negligent fraud; 3) breach of contract; and 4) breach of the oral representations. Federal removed to federal court based on diversity of citizenship. Federal now

---

[1] Limput alleges that Federal represented that the mortgages were first mortgages, and that they were actually subordinated mortgages.

moves for partial summary judgment on the issues of fraud and negligent misrepresentation.

## LEGAL STANDARD

**I.     Summary Judgment**

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  See Abramson v. William Patterson Coll. of N.J., 260 F.3d 265, 276 (3d Cir. 2001).

> Federal Rule of Civil Procedure 56(c) provides, in relevant part,
>
> "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  See Anderson, 477 U.S. at 248.  The moving party "cannot simply reallege factually unsupported allegations contained in his pleadings."  Clark v. Clabaugh, 20 F.3d 1290, 1294 (3d Cir. 1994).  The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof.  See Celotex v. Catrett, 477 U.S. 317, 318 (1986); Blackburn v. United Parcel Serv., Inc., 179 F.3d 81 (3d Cir. 1999).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. See Sound Ship Bldg. Co. v. Bethlehem Steel Co., 533 F.2d 96, 99 (3d Cir. 1976), cert. denied, 429 U.S. 860 (1976). At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. See Wahl v. Rexnord Inc., 624 F.2d 1169, 1181 (3d Cir. 1980); Boyle v. Allegheny Pa., 139 F.3d 386, 393 (3d Cir. 1998). The court must award summary judgment on all claims unless the non-moving party shows through affidavits or admissible evidence that an issue of material fact remains. See, e.g., Koch Materials Co. v. Shore Slurry Seal, Inc., 205 F. Supp. 2d 324, 330 (D.N.J. 2002).

**II.    Fraud**

The elements that must be proven to prevail on a common law claim of fraud under New Jersey law are clear: "The five elements of common law fraud are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997).

## **DISCUSSION**

**I.      Defendant's Motion for Partial Summary Judgment**

Federal makes three arguments directed at the fourth element of a claim for fraud, reasonable reliance: 1) as a matter of law, Limpit cannot prove reasonable reliance on any alleged misrepresentations; 2) as a matter of law, having conducted due diligence, Limpit is deemed to have knowledge of whatever it could have discovered by a reasonable investigation; and 3) Limpit's claims fail as a matter of law because Limpit was represented by counsel throughout the underlying transaction.

      A.      Can Limpit prove reasonable reliance?

Federal first argues that, as a matter of law, Limpit cannot prove that it reasonably relied on any alleged misrepresentations. In its moving brief, after stating the basic elements of fraud and misrepresentation claims under New Jersey law, Federal proceeds to argue the facts – not the law – underlying a conclusion about whether Limpit's reliance could have been reasonable. (Def.'s Br. 6-9.) In this discussion, Federal points to no case law to support its assertion that, as a matter of law, Limpit cannot prove reasonable reliance. If anything, Federal's arguments show that the determination of reasonable reliance involves a highly fact-specific inquiry, and that the facts are in dispute.

Federal's final paragraph in this section alleges that the "conscious ignorance" doctrine applies. Federal's case citations do not show that New Jersey has a "conscious ignorance" doctrine, nor does Federal explain what this doctrine is or how to apply it.

Limpit responds by offering the deposition testimony of Plaintiff's principal, Mr. Glen Fishman, stating that Plaintiff relied on Defendant's representations. (Fishman Dep. 67:2-5.) At

the summary judgment phase, every reasonable inference is made in favor of the non-movant. Because a reasonable jury could conclude in favor of the non-movant, Limpit has established the existence of a genuine issue as to a material fact for trial. Unless Federal can establish, which it has not, that, as a matter of law, this factual issue need not be reached, under FED. R. CIV. P. 56, Limpit has defeated Defendant's motion for partial summary judgment.

      B.      Due diligence and reliance

Federal next argues that, because Limpit admitted to having conducted due diligence, it is deemed to have knowledge of whatever it could have discovered by a reasonable investigation. Federal's argument relies on an incorrect interpretation of New Jersey law. Federal contends that New Jersey has, in effect, a per se rule that there cannot be reasonable reliance if there has been any effort at due diligence; if a party conducts any due diligence, it is deemed to have knowledge of whatever it could have discovered by any reasonable investigation. This is a misstatement of New Jersey law.

Federal misinterprets the following language from <u>DSK Enterprises, Inc. v. United Jersey Bank</u>, 189 N.J. Super. 242, 251 (N.J. Super. Ct. App. Div. 1983): "if a party to whom representations are made nevertheless chooses to investigate the relevant state of facts for himself, he will be deemed to have relied on his own investigation and will be charged with knowledge of whatever he could have discovered by a reasonable investigation." Federal reads this to mean that, if a party investigates any fact, he is deemed to have investigated all facts that he could have discovered by every reasonable investigation. This is an incorrect reading. In <u>DSK</u>, the court held that, under the facts of that case, plaintiff had not reasonably relied on defendant's representations. The court did not hold this as a matter of law, but as a

determination based on the facts of the case. Because the defendant had provided plaintiff's expert with files, plaintiff was deemed to have knowledge of what was in those files. This is not analogous to the instant case. Here, Federal does not claim that it provided Limpit with files that Limpit should have read to discover the truth.

The correct general legal principle, under New Jersey law, was stated by the New Jersey Superior Court in Byrne v. Weichert Realtors, 290 N.J. Super. 126, 137 (N.J. Super. Ct. App. Div. 1996). In Byrne, the court reviewed New Jersey case law on fraud, investigations, and reliance and stated the limited relevant principle simply: "In instances in which a party undertakes an independent investigation and relies on it, there can be no reliance [on the alleged misrepresentation]." Id. The court went on to state clearly that the fact that the plaintiffs did an independent investigation "does not resolve the question of whether plaintiffs relied on the result of this investigation."[2] Id. This defeats Federal's argument. New Jersey law does not hold that establishing the fact of an investigation resolves the factual question of reliance.

C. Representation by counsel and reliance

Federal argues that Limpit's claims for fraud and negligent misrepresentation fail as a matter of law because Limpit was represented by counsel throughout the underlying transaction. Federal provides no support for its argument that representation by counsel during a transaction causes fraud and negligent misrepresentation claims to fail as a matter of law. This assertion is

---

[2]Moreover, the Byrne court reversed the trial court's grant of summary judgment. It held that the plaintiffs' investigation did "not foreclose their rights to pursue their fraud and misrepresentation claims at trial. Plaintiffs were still entitled to rely on any assertions" made by the seller. Id. at 139. The questions about plaintiffs' reliance on the alleged misrepresentations "are factual matters best resolved at trial." Id. Similarly, in the instant matter, Limpit's reliance on the alleged misrepresentations is a factual matter to be resolved at trial, not on summary judgment.

without merit on its face.  Again, Federal seems to argue that the single case it points to, <u>Berman v. Gurwicz</u>, 189 N.J. Super. 89, 102 (N.J. Super. Ct. Ch. Div. 1981), establishes a per se rule that parties represented by counsel cannot, as a matter of law, claim fraud.  <u>Berman</u> neither states such a rule nor can that rule be read into it.  Again, Federal attempts to turn a determination of fact into a per se rule of law.  In <u>Berman</u>, the court held that, under the facts of that case, "Plaintiffs have not proved reliance."  <u>Id.</u> at 103.  Here, as above, contrary to Federal's assertion, <u>Berman</u> exemplifies this principle: determination of reliance on alleged misrepresentations is a factual matter.  The parties dispute the facts.  Partial summary judgment will be denied.

## **<u>CONCLUSION</u>**

For the reasons stated above, this Court finds that Defendant has not shown that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56(c).  The determination of Plaintiff's reasonable reliance on Defendant's alleged misrepresentations depends on resolving underlying disputes as to material facts.  Defendants' motion for partial summary judgment is denied.

     S/Joseph A. Greenaway, Jr.
     JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: February 3, 2006