UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIMPIT ACQUISITION, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| -vs- | Civil Action No. 04-3884 (JAG) |
| FEDERAL FINANCIAL GROUP, INC., | REPORT AND RECOMMENDATION |
| Defendant, | |

## BACKGROUND

On September 5, 2006, this Court granted the motion of attorney Andrea Muller Kauffman, Esq., on behalf of the law firm of Berman, Fink, Van Horn, P.C., for leave to withdraw as counsel for defendant, Federal Financial Group ("FFG"). In a letter Order filed in connection with that motion, the Court directed FFG to obtain new counsel by September 11, 2006. The Order provided that if FFG failed to do so, this Court would ask the district court to strike its answer and enter default against it. Also, the Court directed all parties to appear for a status conference on September 12, 2006 at 11:00 am. (Dkt. Entry # 23). The Order expressly warned that "[f]ailure to appear will result in sanction, including entry of default." On September 12, 2006, no party or counsel appeared on behalf of defendant FFG.

On September 15, 2006, the Court directed FFG to show cause on September 25, 2006 why

1

sanctions should not be imposed for failing to appear for the status conference in violation of the September 5, 2006 Order. (Dkt. Entry # 25). The Court also directed FFG to file any written submissions no later than September 20, 2006.

The Court did not receive a written submission by or on behalf of defendant, FFG. In addition, FFG did not appear on September 25, 2006 in violation of the Court's Order.

## DISCUSSION

The defendant's failure to comply with the Orders of this Court require this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 963 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether the sanction of default is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, (6) the meritoriousness of the claim or defense. Id. at 868.

The Poulis factors are applied to the facts at hand to determine if default is proper. First, FFG's own counsel was forced to withdraw due to its failure to respond to her communications. In her motion for withdrawal of appearance as counsel, Ms. Kauffman detailed the non-responsiveness of FFG. (See Affidavit of Andrea Muller Kauffman in Support of Motion for Withdrawal ("Kauffman Aff."), ¶ 6). Ms. Kauffman made numerous attempts via e-mail, letters, phone calls, and even a personal visit to FFG's offices. (Id.). All such attempts were futile. FFG has failed to respond to its own counsel, making it impossible for the representation to continue. On September 5, 2006, this Court granted Ms. Kauffman's motion, finding that good cause existed for the withdrawal of counsel from the case. (Dkt. Entry # 23). After September 5, 2006, it was solely

FFG's responsibility to obtain new counsel as instructed by this Court. FFG's failure to do so and to communicate with this Court demonstrates its lack of interest in defending this case. FFG is responsible for failing to comply with the Orders of the Court.

Second, the defendant's failure to appear and participate meaningfully in the case has prejudiced plaintiff Limpit Acquisition. This case was set for trial for October 3, 2006. Defendant's failure to obtain new counsel and communicate with this Court makes it impossible for the case to proceed.

Third, there is a history of non-compliance here. The defendant failed to appear before me for a status conference on September 12, 2006 in violation of the September 5, 2006 Order. FFG also failed to appear on the return date of the September 15, 2006 Order to Show Cause.

Fourth, based on the totality of circumstances here, I am satisfied that defendant has made a willful decision not to defend this civil action as demonstrated by their pattern of non-compliance.

Fifth, alternative sanctions would not be appropriate. Defendant has demonstrated an apparent lack of desire to defend against this civil action. As such, a monetary sanction would be meaningless and ineffective. As to the sixth factor, I cannot determine the meritoriousness of the defense based upon my review of the pleadings.

Five of the six Poulis factors weigh in favor of striking the Answer from the record and entering default. Not all of the Poulis factors need be satisfied in order to enter default. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, the defendant failed to comply with Orders of this Court. Because a corporate entity must be represented by a member of the bar and FFG is currently unrepresented, this case can no longer proceed. Therefore, defendant's inaction warrants the sanction of default.

## **CONCLUSION**

For the reasons set forth above, I recommend that defendant FFG's Answer and Affirmative Defenses to the Complaint be stricken from the record, default be entered and plaintiff be allowed to proceed to judgment by default.

The parties have ten (10) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**


Dated:      October 12, 2006
Original:   Clerk
cc:         Hon. Joseph A. Greenaway, U.S.D.J.
            File